MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace
60 East 42nd Street, Suite 2540
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------

WILSON RODRIGO VILLENA SANCHEZ, GUSTAVO
GALARZA, and ANDRES LUNA, *individually and on
behalf of others similarly situated,*

                            *Plaintiffs,*


            -against-


DPC NEW YORK INC. (d/b/a DP CONSULTING), DP
CONSULTING CORP. (d/b/a DP CONSULTING),
THOMAS PEPE, and CHRISTOPHER PEPE
                        *Defendants.*
--------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**

**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

        Wilson Rodrigo Villena Sanchez, Gustavo Galarza and Andres Luna ("Plaintiffs"),

individually and on behalf of others similarly situated, by and through their attorneys, Michael

Faillace & Associates, P.C., upon their knowledge and belief, and as against DPC New York Inc.

(d/b/a DP Consulting) DP Consulting Corp. (d/b/a DP Consulting), Thomas Pepe, and

Christopher Pepe (collectively "Defendants"), allege as follows:

<u>**NATURE OF THE ACTION**</u>

        1.      Plaintiffs are former employees of DPC New York Inc. (d/b/a DP Consulting), DP

Consulting Corp. (d/b/a DP Consulting), Thomas Pepe, and Christopher Pepe.

2.      Defendants own, operate, and/or control a construction company located at 420 Madison Avenue, 14th floor, New York, New York 10017 (previously 303 Fifth Avenue, Suite 603, New York, New York 10016).

3.      Plaintiffs were employees of Defendants.

4.      Plaintiffs were employed as construction foremen, warehouse supervisor, fire safety inspector, mechanic and driver in construction projects around New York City.

5.      Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate compensation for the overtime hours per week that they worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of their hours worked and failed to pay Plaintiffs appropriately for any hours they worked over 40.

7.      Defendants' conduct extended beyond the Plaintiffs to all other similarly situated employees.

8.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing them the overtime compensation required by federal and state law and regulations.

9.      Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees, and costs.

10.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and of all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

12.     Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiffs were employed by Defendants in this district.

## THE PARTIES

### Plaintiff Wilson Rodrigo Villena Sanchez

13.     Plaintiff Villena is an adult individual residing in Union City, New Jersey.

14.     He was employed by Defendants from approximately October 2005 until on or about May 2016.

### Plaintiff Gustavo Galarza

15.     Plaintiff Galarza is an adult individual residing in New York County, New York.

16.     He was employed by Defendants from approximately September 2005 until on or about June 2016.

### Plaintiff Andres Luna

17.     Plaintiff Luna is an adult individual residing in Bronx County, New York.

18.     He was employed by Defendants from approximately May 1997 until on or about July 2016.

3

19.     They seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Defendants*

20.     At all times relevant to this Complaint, Defendants owned, operated, and/or controlled a construction company located at 420 Madison Avenue, 14th floor, New York, New York 10017 (previously 303 Fifth Avenue, Suite 603, , New York, New York 10016), under the name DP Consulting.

21.     Upon information and belief, DPC New York Inc., (d/b/a DP Consulting), is a domestic corporation organized and existing under the laws of the state of New York.

22.     DPC New York Inc. maintains its principal place of business at 420 Madison Avenue, 14th floor, New York, New York 10017 (previously 303 Fifth Avenue, Suite 603, New York, New York 10016).

23.     Upon information and belief, DP Consulting Corp. (d/b/a DP Consulting), is a domestic corporation organized and existing under the laws of the state of New York.

24.     DP Consulting Corp. maintained its principal place of business at 303 Fifth Avenue, Suite 603, New York, New York 100167.

*Defendant Thomas Pepe*

25.     Defendant Thomas Pepe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

26.     Defendant Thomas Pepe is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporations.

27.     Upon information and belief, Defendant Thomas Pepe possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

28.     Defendant Thomas Pepe determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

*Defendant Christopher Pepe*

29.     Defendant Christopher Pepe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

30.     Defendant Christopher Pepe is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporations.

31.     Upon information and belief, Defendant Christopher Pepe possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

32.     Defendant Christopher Pepe determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

33.     Defendants operate a construction company under the name "DP Consulting", which performs construction projects in New York City.

34.     Upon information and belief, individual defendants Thomas Pepe and Christopher Pepe possess operational control over Defendant Corporations, possess an ownership interest in Defendant Corporations, and control significant functions of Defendant Corporations.

35.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

36.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

37.     Defendants jointly employed Plaintiffs, and all similarly situated individuals, and are their (and all similarly situated individuals') employers within the meaning of 29 U.S.C. §§ 201 *et seq*. and the NYLL.

38.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

39.     Upon information and belief, individual defendants Thomas Pepe and Christopher Pepe operate Defendant Corporations as either alter egos of themselves, and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by, among other things:

    a.   failing to adhere to the corporate formalities necessary to operate Defendant Corporations as separate and legally distinct entities;

    b.   defectively forming or maintaining Defendant Corporations by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

    c.   transferring assets and debts freely as between all Defendants;

    d.   operating Defendant Corporations for their own benefit as the sole or majority shareholders;

    e.   operating Defendant Corporations for their own benefit and maintaining control over these Corporations as closed Corporations or closely held controlled entities;

    f.   intermingling assets and debts of their own with Defendant Corporations;

    g.   diminishing and/or transferring assets to protect their own interests; and

    h.   other actions evincing a failure to adhere to the corporate form.

40.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of compensation in exchange for their services.

41.    In each year from 2011 to 2016, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

42.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were used daily at

DP Consulting, such as wall tapering tools, sand paper and other tools were produced outside the state of New York.

*Individual Plaintiffs*

43.     Plaintiffs are former employees of Defendants, and worked as construction foremen, warehouse supervisor, fire safety inspector, mechanic and driver.

44.     Plaintiff seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Wilson Rodrigo Villena Sanchez*

45.     Plaintiff Villena was employed by Defendants from approximately October 2005 until on or about May 2016.

46.     Plaintiff Villena worked as a warehouse supervisor.

47.     Plaintiff Villena regularly handled goods produced in interstate commerce, such as construction tools, sandpaper and other tools produced outside the state of New York.

48.     Plaintiff Villena's work duties required neither discretion nor independent judgment.

49.     Plaintiff Villena regularly worked in excess of 40 hours per week.

50.     From approximately January 2011 until on or about May 2016, Plaintiff Villena worked about 45 to 65 hours per week.

51.     From approximately January 2011 until on or about October 2015, defendants paid Plaintiff Villena his wages in cash.

52.     From approximately October 2015 until on or about May 2016, defendants paid Plaintiff Villena his wages by check.

53.     From approximately January 2011 until on or about May 2016, defendants paid Plaintiff Villena $20.00 per hour for 8 hours a day five or six days a week.

54.     Plaintiff Vellena's wages did not vary regardless of how many additional hours he worked in a week.

55.     For example, defendants required Plaintiff Villena regularly to start working 30 minutes prior to his scheduled start time and continue working 2 hours past his scheduled departure time and did not compensate him for the additional time they required him to work.

56.     Prior to approximately October 2015, Defendants did not provide Plaintiff Villena with each payment of wages, a statement of wages as required by NYLL 195(3).

57.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Villena regarding overtime and wages under the FLSA and NYLL.

58.     Defendants never gave any notice to Plaintiff Villena, in English and in Spanish (Plaintiff Villena's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

59.     Defendants required Plaintiff Villena to purchase "tools of the trade" with his own funds—including 2 pairs of boots every year.

*Plaintiff Gustavo Galarza*

60.     Plaintiff Galarza was employed by Defendants from approximately September 2005 until on or about June 2016.

61.     Plaintiff Galarza worked as a fire safety inspector and construction floor supervisor.

62.     Plaintiff Galarza regularly handled goods produced in interstate commerce, such as construction equipment, sandpaper and other tools produced outside the state of New York.

9

63.     Plaintiff Galarza's work duties required neither discretion nor independent judgment.

64.     Plaintiff Galarza regularly worked in excess of 40 hours per week.

65.     From approximately January 2011 until on or about October 2013, Plaintiff Galarza worked from approximately 7:00 a.m. until on or about 5:00 p.m. Mondays through Fridays, and from approximately 7:00 a.m. until on or about 4:00 p.m. three Saturdays a month (typically 50 to 59 hours per week).

66.     From approximately October 2013 until on or about December 2014, Plaintiff Galarza worked from approximately 7:00 a.m. until on or about 4:00 p.m. Mondays through Fridays, and from approximately 9:00 a.m. until on or about 4:00 p.m. on Saturdays (typically 52 hours per week).

67.     From approximately May 2015 until on or about April 2016, Plaintiff Galarza worked from approximately 7:00 a.m. until on or about 5:00 p.m. Mondays through Fridays, and from approximately 9:00 a.m. until on or about 5:00 p.m. on Saturdays (typically 58 hours per week).

68.     From approximately April 2016 until on or about June 2016, Plaintiff Galarza worked from approximately 7:00 a.m. until on or about 4:30 p.m. Mondays through Fridays and from approximately 9:00 a.m. until on or about 4:00 p.m. on Saturdays (typically 54.5 hours per week).

69.     From January 2011 until on or about January 2012, Plaintiff Galarza was paid his wages in check.

70.     From January 2012 throughout the rest of his employment with Defendants, Plaintiff Galarza was paid his wages in cash.

71.     From approximately January 2011 until on or about October 2013, defendants paid Plaintiff Galarza $27.00 per hour.

72.     From approximately October 2013 until on or about June 2016 defendants paid Plaintiff Galarza $41.00 per hour.

73.     However, on or about June 2016, defendants failed to pay Plaintiff Galarza for six weeks of work as a fire safety inspector.

74.     Prior to April 2016, Plaintiff Galarza's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

75.     For example, prior to April 2016, Defendants regularly required Plaintiff Galarza to work 30 minutes past his scheduled departure time every day and did not compensate him for the additional hours they required him to work.

76.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Galarza regarding overtime and wages under the FLSA and NYLL.

77.     Defendants never gave any notice to Plaintiff Galarza, in English and in Spanish (Plaintiff Galarza's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

78.     Defendants required Plaintiff Galarza to purchase "tools of the trade" with his own funds—including numerous uniforms and harnesses.

*Plaintiff Andres Luna*

79.     Plaintiff Luna was employed by Defendants from approximately May 1997 until on or about July 2016.

80.     Plaintiff Luna worked as a driver, construction foreman and mechanic.

81.     Plaintiff Luna regularly handled goods produced in interstate commerce, such as construction equipment, sandpaper, and other tools produced outside the state of New York.

82.     Plaintiff Luna's work duties required neither discretion nor independent judgment.

83.     Plaintiff Luna regularly worked in excess of 40 hours per week.

84.     From approximately January 2011 until on or about July 2016, Plaintiff Luna worked from approximately 5:30 a.m. until on or about 8:30 p.m. Mondays through Fridays, from approximately 7:00 a.m. until on or about 5:30 p.m. on Saturdays and from approximately 8:00 a.m. until on or about 5:00 p.m. two Sundays a month (typically 85.5 to 94.5 hours per week).

85.     Throughout his employment with Defendants, Plaintiff Luna was paid his wages in cash.

86.     From approximately January 2011 until on or about July 2016, defendants paid Plaintiff Luna $20.00 per hour.

87.     Plaintiff Luna's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

88.     For example, Defendants regularly required Plaintiff Luna to work additional hours prior to his scheduled start time and several hours past his scheduled departure time and did not compensate him for the additional hours they required him to work.

89.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Luna regarding overtime and wages under the FLSA and NYLL.

90.     Defendants never gave any notice to Plaintiff Luna, in English and in Spanish (Plaintiff Luna's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

91.     Defendants required Plaintiff Luna to purchase "tools of the trade" with his own funds—including numerous uniforms and harnesses.

*Defendants' General Employment Practices*

92.     Defendants maintained a policy and practice of requiring Plaintiffs, and all similarly situated employees, to work in excess of 40 hours per week without paying them appropriate overtime compensation, as required by federal and state laws.

93.     As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL by not paying Plaintiffs the wages required under these laws.

94.     Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, resulting in Plaintiffs' effective rate of pay falling far below the required overtime wage rate.

95.     Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

96.     Plaintiffs were victims of Defendants' common policy and practices violating their rights under the FLSA and New York Labor Law by not paying them the wages they were owed for the hours they had worked.

97.     Defendants did not provide Plaintiffs with any document or other statement accurately accounting for their actual hours worked, and setting forth rate of minimum wage and overtime wage.

98.     Prior to October 2015, Plaintiffs were paid their wages entirely in cash.

99.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs worked, and to avoid paying Plaintiffs properly for their full hours worked.

100.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

101.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated current and former delivery workers.

102.    Defendants also failed to post at the workplace, or otherwise provide to Plaintiffs, the required postings or notices regarding the applicable wage and hour requirements of the FLSA and NYLL.

103.    Prior to October 2015, Defendants failed to provide Plaintiffs with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

104.     Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

105.     Plaintiffs bring this FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), *i.e.*, persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

106.     At all relevant times, Plaintiffs, and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay.

107.     The claims of Plaintiffs stated herein are similar to those of the other similarly situated employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

108.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

109.    Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiffs (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

110.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

111.    Plaintiffs (and the FLSA class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

112.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

113.    Defendants, in violation of the NYLL § 190 *et seq.* and associated rules and regulations, failed to pay Plaintiffs (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour has worked in excess of forty hours in a workweek.

114.    Defendants failed to pay Plaintiffs (and the FLSA class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

115.    Defendants' failure to pay Plaintiffs (and the FLSA class members) overtime compensation was willful within the meaning of NYLL § 663.

116.    Plaintiffs (and the FLSA class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NOTICE AND RECORDKEEPING

16

## REQUIREMENTS OF THE NEW YORK LABOR LAW

117.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

118.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

119.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

120.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

121.    Defendants did not provide Plaintiffs with a statement of wages with each payment of wages, as required by NYLL 195(3).

122.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION
## RECOVERY OF EQUIPMENT COSTS

123.    Plaintiffs repeat and re-allege all paragraphs above as though set forth fully herein.

124.    Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their job, further reducing their wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

125.    Plaintiffs were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

(c)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiffs and the FLSA class members;

(e)     Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the members of the FLSA Class;

(h)     Declaring that Defendants violated the recordkeeping requirements of the NYLL

with respect to Plaintiffs' and the FLSA class members' compensation, hours, wages; and any deductions or credits taken against wages;

(i)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiffs and the FLSA class members;

(j)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(k)     Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(l)     Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(m)     Awarding Plaintiffs and the FLSA class members pre-judgment and post-judgment interest as applicable;

(n)     Awarding Plaintiffs and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(o)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p)     All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York

January 20, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      /s/ Michael Faillace _____

MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace
60 East 42nd Street, Suite 2540
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 4, 2017

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Wilson Rodrigo Villena Sanchez

Legal Representative / Abogado:         Michael Faillace & Associates, P.C.

Signature / Firma:                      _Wilson Villena_

Date / Fecha:                           04 de enero de 2017

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 10, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    <u>Gustavo Galarza</u>

Legal Representative / Abogado:    <u>Michael Faillace & Associates, P.C.</u>

Signature / Firma:                 _____

Date / Fecha:                      <u>10 de enero de 2017</u>

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 10, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Andres Luna

Legal Representative / Abogado:         Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                           10 de enero de 2017

*Certified as a minority-owned business in the State of New York*