# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

| | |
|---|---|
| 60 East 42nd Street, Suite 4510 | Telephone: (212) 317-1200 |
| New York, New York 10165 | Facsimile: (212) 317-1620 |

May 28, 2019

**VIA ECF**

Hon. Stewart D. Aaron
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

                               **Re:**   *Rodrigo Villena Sanchez et al. v. DPC New York Inc. et al.*
                                            Case No. 17-cv-455-

Your Honor:

      This office represents Plaintiffs Wilson Rodrigo Villena Sanchez, Gustavo Galarza, and Andres Luna ("Plaintiffs") in the above-referenced matter. We submit this letter, together with Defendants' counsel, to respectfully request that the Court approve the settlement reached between Plaintiffs and Defendants DPC New York Inc., DP Consulting Corp., Thomas Pepe and Christopher Pepe (the "Defendants," and together with Plaintiffs, the "Settling Parties").

      The Settling Parties have agreed to a negotiated Settlement Agreement (the "Agreement") after extensive discussions and a settlement conference before your Honor. The proposed Agreement is attached hereto as **Exhibit A.** We therefore ask the Court to approve the settlement, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

      The Settling Parties represent to the Court that while the Plaintiffs believe that the settlement amount is less than what they would be entitled to if he prevailed at trial, the settlement is nevertheless fair, as discussed herein.

**Background**

This is an action for minimum wages, overtime and spread of hours wages owed to Plaintiffs by their employers for their work at a construction company owned by Defendants and operating under the name DP Consulting. DP consulting is located at 420 Madison Avenue, 14th Floor, New York, NY 10017. Plaintiff Villena was employed as a warehouse supervisor. Plaintiff Galarza was employed as a fire safety inspector and construction floor supervisor. Plaintiff Luna worked was employed as a driver, construction foreman and mechanic.

      Plaintiff Villena was employed by Defendants from approximately October 2005 until on or about May 2016. From approximately January 2011 until the end of his employment, Plaintiff Villena worked approximately 45 to 65 hours per week. From approximately January 2011 until the end of his employment, Defendants paid Plaintiff Villena $20.00 per hour for eight hours per

Hon. Stewart D. Aaron
May 28, 2019
Page 2 of 6

day, five or six days per week. From approximately January 2011 until on or about October 2015, Defendants paid Plaintiff Villena his wages in cash. From October 2015 until on or about May 2016, Defendants paid Plaintiff Villena his wages by check.

Plaintiff Galarza was employed by Defendants from approximately September 2005 until on or about June 2016. From approximately January 2011 until on or about October 2013, Plaintiff Galarza worked approximately 50 to 59 hours per week. From approximately October 2013 until on or about December 2014, Plaintiff Galarza worked approximately 52 hours per week. From approximately May 2015 until on or about April 2016, Plaintiff Galarza worked approximately 58 hours per week. From approximately April 2016 until on or about June 2016, Plaintiff Galarza worked approximately 54.5 hours per week. From approximately January 2011 until on or about October 2013, Defendants paid Plaintiff Galarza $27.00 per hour. From approximately January 2011 until on or about October 2013, Defendants paid Plaintiff Galarza $41.00 per hour. From January 2011 until on or about January 2012, Plaintiff Galarza was paid his wages by check. Throughout the rest of his employment, Plaintiff Galarza was paid in cash.

Plaintiff Luna was employed from approximately May 1997 until on or about July 2016. From approximately January 2011 until the end of his employment, Plaintiff Luna worked approximately 80 hours per week. Throughout his employment, Plaintiff Luna was paid $25 and then $33 per hour by cash.

Plaintiffs therefore brought this action seeking to recover unpaid minimum wages, overtime wages, spread of hours, liquidated damages, interest, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650, *et seq*., and overtime wage orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6.

Defendants' Answer denied all of Plaintiffs' allegations of unlawful practices and policies. Defendants also maintain that through objective evidence and witness testimony, they would be able to prevail on their defenses.

Nevertheless, the parties agreed on the settlement amount of $124,000 in order to avoid potentially significant and unanticipated burdens and expenses in establishing their respective positions through a trial.

**Settlement**

The Settling Parties have agreed to resolve this action for the total sum of $124,000.00 which will be paid as outlined in **Exhibit A**. Plaintiffs allege they are entitled to back wages of approximately $276,663.00. Plaintiffs estimate that had they recovered in full for their claims, they would be entitled to approximately $680,165.19, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. The parties have agreed to settle this action for the total sum of $124,000,. A copy of Plaintiffs' damages chart, breaking down each amount sought from Defendants, is attached as "**Exhibit B**."

The full sum of the settlement amount will be paid to Plaintiffs as delineated in the settlement agreement.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting* Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting* Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky, 900 F.Supp.2d at 225 (*quoting* Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The agreement here is fair to the Plaintiffs. Plaintiffs have been represented by counsel throughout this lawsuit and have made an informed decision to settle the action prior to trial, without incurring further costs or encumbrance of trial. The One Hundred Twenty-Four-Thousand Dollars ($124,000.00) that Plaintiffs will be receiving accounts for any alleged unpaid minimum and overtime wages that they could have potentially recovered at trial, not including attorneys' fees. Furthermore, the Agreement is the product of arm's-length bargaining between experienced counsel and there is no possibility of fraud or collusion.

### **Plaintiffs' Attorneys' Fees are Fair and Reasonable**

Defendants' counsel has agreed to pay Plaintiffs' counsel $12,500 on top of the $124,000 payable to Plaintiffs in this matter. Plaintiffs' counsel joins in this request. This payment of fees amounts to just over 9% of a would-be total settlement amount, which the parties believe to be a fair compromise under these circumstances. The $12,500 payment is just slightly less than Plaintiffs' counsel's lodestar amount.

The amount sought by the Plaintiffs' counsel under the settlement is fair and reasonable as it is consistent with the range of fees typically awarded in cases in this Circuit. *See* Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See* Alleyne v. Time Moving & Storage Inc., 264 F.R.D. at 60; *see also* McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiffs' counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain a favorable pre-trial result due to the Settling Parties' cooperative exchange of information and frequent negotiations.

Attached hereto as **Exhibit C**, are Plaintiffs' amended attorneys' time records. A brief biography of each attorney who performed billed work in this matter is as follows:

Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

Jesse Barton is an associate at Michael Faillace & Associates, P.C., and is billed at the rate of $375 per hour. This is his standard rate for matters on which he is paid at an hourly rate. He graduated from Fordham Law School in 2012. Following law school, he practiced as an associate with the law firm of Virginia & Ambinder, LLP, cultivating a background in labor and employment law, with a focus on ERISA litigation. He joined the firm of Michael Faillace & Associates, P.C in January 2015, and was named a Rising Star by the Super Lawyers organization in 2016.

Marisol Santos was an associate at Michael Faillace & Associates, P.C., and billed at the rate of $350 per hour. She graduated from Fordham Law School in 2013. Following law school, she has cultivated a specialization in employment law. Prior to joining Michael Faillace & Associates, P.C. she worked as a wage and hour litigation associate at New York firm, where she successfully represented small business owners and employees. Since joining Michael Faillace & Associates in October 2016, she was responsible for all aspects of the firm's employment docket in federal court.

Paul Hershan is an associate at Michael Faillace & Associates, P.C. He graduated from Fordham University School of Law in 2012. Following law school, he gained extensive trial and appellate litigation experience in the field of criminal law. Paul served as an Assistant District Attorney with the Bronx County District Attorney's Office for three years, then practiced primarily in the area of criminal defense before joining Michael Faillace & Associates, P.C. in April of 2018.

The requested attorneys' fees and costs in the parties' settlement are reasonable under the circumstances. As a result, the fees should be approved.

Hon. Stewart D. Aaron
May 28, 2019
Page 5 of 6

**Conclusion**

      Plaintiffs have been represented by counsel throughout this lawsuit, and Plaintiffs' counsel has agreed to the settlement amount based on the approval of his client. Plaintiffs' interests have thus been adequately safeguarded.

      In full consideration of the issues presented in *Cheeks,* we believe that the Settling Parties' agreement is fair and reasonable, and that the settlement should be approved. A Stipulation of Final Dismissal will be filed for so-ordering after execution of the agreement and upon receipt of confirmation from the Court that the settlement has been approved.

      Thank you for your consideration in this matter.

      Respectfully Submitted,

      /s/ Michael Faillace
      Michael Faillace, Esq.
      Michael Faillace & Associates, P.C.
      *Attorneys for Plaintiff*


cc:    Michael Rabinowitz, Esq. (via ECF)
          *Attorney for Defendants*